```
                  IN THE UNITED STATES DISTRICT COURT FOR THE
                          EASTERN DISTRICT OF OKLAHOMA

LARRY WAYNE REED,                )
                                 )
             Plaintiff,          )
                                 )
v.                               )     Case No. CIV-14-233-RAW-KEW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                 )
             Defendant.          )
```

### REPORT AND RECOMMENDATION

Plaintiff Larry Wayne Reed (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings consistent with this Report and Recommendation.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on October 24, 1958 and was 54 years old at the time of the ALJ's decision. Claimant obtained a GED. Claimant has worked in the past as a construction worker. Claimant alleges an inability to work beginning April 1, 2009 (amended at the hearing to April 10, 2011) due to limitations resulting from cirrhosis of the liver and an associated affective mental disorder.

## Procedural History

On October 14, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On November 27, 2012, an administrative hearing was held before Administrative Law Judge ("ALJ") Edmund Werre in Tulsa, Oklahoma. On December 21, 2012, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on April 14, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) accepting a portion of Dr. Crowhurst's opinion while rejecting his opinion as to further limitations without explanation; (2) omitting from his RFC assessment and questioning of the vocational expert limitations

in visual accommodation; (3) relying upon vocational testimony which conflicted with the *Dictionary of Occupational Titles* ("DOT"); and (4) failing to find the representative job of remnant sorter existed in significant numbers.

### Evaluation of Dr. Crowhurst's Opinion

In his decision, the ALJ determined Claimant suffered from the severe impairments of chronic fatigue syndrome; cirrhosis; colon cancer, status post, sigmoid resection; status post remote (1992) right knee operation; hepatitis B; right eye blindness, status post, detached retina repair; hypertension; obesity; depressive disorder; generalized anxiety disorder; mood disorder; and alcohol dependence in reported remission. (Tr. 12). The ALJ also found Claimant retained the RFC to perform light work. In so finding, the ALJ found Claimant was limited to no more than occasional lifting up to 20 pounds, no more than the frequent lifting or carrying up to 10 pounds, standing/walking for 6 hours in an 8 hour workday, sitting for 6 hours in an 8 hour workday, no climbing ladders, ropes, or scaffolds, no exposure to hazards such as unprotected heights and being around dangerous moving machinery, limited to monocular vision in terms of depth perception and visual fields. The ALJ also concluded Claimant was able to understand, remember, and carry out simple and come complex instructions and

was able to relate to co-workers and supervisors for work purposes only with no to minimal contact with the general public. Claimant was able to adapt to a work setting with these limitations and his medications would not prevent him from being reasonably alert to perform work. (Tr. 16). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of remnant sorter and counter clerk. (Tr. 23). As a result of these findings, the ALJ determined Claimant was not disabled from April 10, 2011 through September 30, 2012, the date last insured. (Tr. 24).

Claimant first contends the ALJ improperly accepted a portion of Dr. Crowhurst's opinion while rejecting other findings which supported limitations. On April 17, 2012, Dr. H. Crowhurst completed a physical RFC assessment form on Claimant. He determined Claimant was limited to occasional lifting/carrying of up to 20 pounds, frequent lifting/carrying of 10 pounds, standing/walking of about 6 hours in an 8 hour workday, sitting about 6 hours in an 8 hour workday, and unlimited pushing and pulling. (Tr. 480). Claimant was found to be able to occasionally climb, stoop, kneel, crouch, and crawl but never to balance. Dr. Crowhurst included visual limitations in depth perception, accommodation (which is the ability to refocus when viewing an

6

object near and far), and field of vision. (Tr. 481). He also found Claimant should avoid concentrated exposure to extreme cold and heat, wetness, vibration, and fumes, odors, dusts, gases, and poor ventilation. Claimant should avoid even moderate exposure to hazards. (Tr. 482). Dr. Crowhurst concluded Claimant should be restricted to a light level of work with vision restrictions. (Tr. 484). The ALJ did not include a visual restriction for accommodation in his RFC assessment and provided no explanation for failing to do so while accepting the remainder of Dr. Crowhurst's visual and other limitations. This Court also notes that Defendant did not address Claimant's argument that this restriction was impermissibly omitted from the RFC and the questioning of the vocational expert. On remand, the ALJ shall either include the restriction in his RFC assessment and hypothetical questioning of the vocational expert and discuss the effect such a limitation would have upon Claimant's ability to work or provide an explanation for the rejection of this restriction.

**Vocational Testimony**

Claimant next contends the vocational expert's testimony conflicted with the DOT without explanation. Defendant appears to concede this issue in the briefing. The vocational expert testified Claimant could perform the representative job of counter

7

clerk while the ALJ's hypothetical question included a limitation for interaction with the general public. The DOT includes a requirement for dealing with the general public for the position of counter clerk. DOT, 249.366-010. The ALJ asked the vocational expert whether her testimony was inconsistent with the DOT and she testified she was not aware of any inconsistency. (Tr. 86). Clearly, the inconsistency exists without explanation. The finding Claimant could perform the job of counter clerk was improper.

Relying upon the testimony of the vocational expert, the ALJ found with regard to the remaining representative job of remnant sorter that 600 such jobs existed in Oklahoma and 56,000 in the national economy. (Tr. 23). Claimant challenges whether 600 jobs in the regional economy represents a significant number.

In the case of Trimiar v. Sullivan, 966 F.2d 1326 (10th Cir. 1992), the Tenth Circuit declined to establish a bright line number for "significance" in this analysis - choosing instead to adopt a case-by-case analysis. The Court did identify factors from an Eighth Circuit case whether work exists in significant numbers, such as the level of claimant's disability; the reliability of the vocational expert's testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; and the types and availability of such work. Id. at 1330

quoting Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir. 1988)(remaining citation omitted). "The decision should ultimately be left to the [ALJ's] common sense in weighing the statutory language as applied to a particular claimant's factual situation." Id.

The ALJ made no such analysis of whether 600 jobs constituted a significant number. On remand, the ALJ shall analyze the availability of the work as a remnant sorter to Claimant under the Trimiar criteria.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the case REMANDED for further proceedings consistent with the Report and Recommendation**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 20th day of July, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE